## THE HARTMAN AND FEHRENBACH BREWING CO. *vs.* KATE CLARK.

*Evidence to Establish Validity of Bill of Sale From Husband to Wife—Instructions to the Jury.*

A man against whom there was a judgment made a bill of sale to his wife of certain property in consideration of an alleged antecedent indebtedness from him to her. The judgment creditor issued an execution and caused the same to be levied on the property described in the bill of sale. The grantee therein appeared as claimant of the property and the question in this case, tried before a jury, was as to the validity of the bill of sale. At the instance of the judgment creditor the trial Court instructed the jury that the claimant of the property was bound to establish by preponderating testimony that the bill of sale had been given for a valuable consideration and had been made in good faith. *Held*, that it was not error to refuse to instruct the jury that the claimant must show "by the clearest and most satisfactory evidence" the existence of the relation of debtor and creditor between herself and her husband at the time of the execution of the bill of sale, since such an instruction, without any definition of what is meant by "the clearest and most satisfactory evidence" is likely to confuse and mislead the jury, and does not challenge the legal sufficiency of the evidence offered by the claimant to entitled her to a verdict.

Appeal from the Circuit Court for Cecil County (PEARCE, C. J., and MARTIN, J.)

The cause was submitted to the Court on briefs by:

*Albert Constable* and *Albert Constable, Jr.*, for the appellant.

*Joshua Clayton* and *John S. Wirt*, for the appellee.

McSHERRY, C. J., delivered the opinion of the Court.

On the twenty-sixth day of January, nineteen hundred and one, Eugene Clark executed and delivered to his wife, Kate Clark, a bill of sale of certain personal property in consideration of an alleged antecedent indebtedness due by the husband to the wife. On the eighteenth day of February following the appellant, The Hartman and Fehrenbach Brewing Company, caused an execution to be issued on a judgment which the company had obtained against Clark on December the eighteenth, eighteen hundred and ninety-nine; and the sheriff of Cecil County levied on the personal property described in and covered by the above-mentioned bill of sale. Thereupon Mrs. Clark filed a claim of property and the judgment debtor and creditor were summoned to answer the claim. The judgment creditor interposed several pleas. Those pleas put in issue the wife's alleged ownership of the property levied on and asserted that the bill of sale was fraudulent and void. The issues thus made went to trial before a jury. Evidence was offered by the claimant tending to show that the transfer of the property by the husband to the wife was *bona fide* and for a valuable consideration, and that it had not been made with intent to hinder and delay the creditors of the husband. On the part of the judgment creditor evidence was adduced tending to prove precisely the contrary. At the close of the evidence each side asked instructions to the jury. Without setting forth the several prayers at length it will suffice to say that the point of divergence between them is sharply and distinctly marked; and has relation, not to the legal sufficiency, but to the character of the evidence entitling the claimant to a verdict. Both sides agree as to the substantive law of the case. Both agree that if the transfer from the husband to the wife was not *bona fide*, or was made without consideration, the claimant is not entitled to recover. But they differ as to the quality of the evidence necessary to support the claim of property. The prayer presented in behalf of Mrs. Clark concedes that it was incumbent on her to establish the relation of debtor and creditor between her husband and herself; whilst

those offered by the appellant insist this relation must be proved " by the clearest and most satisfactory evidence."

By the *second, third* and *fourth* prayers of the judgment creditor the trial Court was asked to rule that before the claimant could recover a verdict there must be " the clearest and most satisfactory evidence," or, " evidence of the clearest and most satisfactory character" that the relation of debtor and creditor existed between the husband and the wife when the bill of sale was made.    In the *first* prayer granted at the instance of the judgment creditor the Court instructed the jury that the claimant could not sustain her claim unless she established by " preponderating testimony " that the bill of sale had been given for a valuable consideration and had been made in good faith.    The verdict of the jury was in favor of the claimant, Mrs. Clark, and from the judgment entered on that verdict the creditor of the husband has appealed.    The error assigned is that the Court refused to instruct the jury that the claimant must show " by the clearest and most satisfactory evidence " the existence of the relation of debtor and creditor between the husband and the wife at the time of the execution of the bill of sale.

The phrase " the clearest and most satisfactory evidence " has been taken from an opinion of this Court in *Stockslager* v. *Mechanics Loan Inst.*, 87 Md. 235; and the contention is that by its use in that case this Court established a *rule of law* as to the quality or character of the evidence required to be adduced by the wife in cases of this kind to sustain a conveyance to her by her husband when that conveyance is assailed by a pre-existing creditor of the husband.    In the case above referred to this Court was dealing with both the law and the facts in an equity proceeding, and in dealing with both and therefore with the sufficiency of the evidence and its probative value, it was said that the wife could not sustain her title to the property acquired from her husband in prejudice of the rights of his creditors except by the clearest and most satisfactory evidence.    But it will be observed that this was laying down no new rule of law; nor was it formulating any special

rule of evidence as applicable to this particular class of cases. In dealing with the whole evidence—its weight and legal sufficiency—it was entirely proper to say that the evidence to support the wife's title must be the clearest and most satisfactory; but how could it be possible to convey to the minds of jurors any definite or adequate notion of the sufficiency of evidence to prove an issue, if they were told that the claimant must establish her case " by the clearest and most satisfactory evidence?"   Can it be assumed that the jurors know what is the clearest and most satisfactory evidence to establish any asserted fact?   If they were told that they could not find for the claimant except upon the clearest and most satisfactory evidence, without defining to them what was meant by those terms, would not the instruction be most misleading and, therefore, clearly erroneous?   What is and what is not the clearest and most satisfactory evidence is essentially a relative question, and a relative question of law and not of fact.   A Court in weighing facts which it has to pass on may well use the expression, because the expression as thus used conveys a definite meaning; but when a jury is instructed that they are confined to the clearest and most satisfactory evidence without a suggestion as to what is meant by the terms, confusion and uncertainty will inevitably result.   If the judgment creditor thought that the evidence adduced by the claimant was not legally sufficient to sustain Mrs. Clark's claim of property because not the clearest and most satisfactory evidence that could have been presented, the judgment creditor could have procured a ruling on that proposition by asking an instruction that there was no legally sufficient evidence to entitle the claimant to a verdict.   The legal sufficiency which, of course, includes the probative value of the evidence, would have been thereby challenged, and the Court would have been called on to scrutinize it and to determine whether it was the clearest and most satisfactory evidence to establish the fact to prove which it had been offered.   Such a course would have been widely different from allowing a jury to speculate and grope about without a guide or direction, in a vain attempt to find what was the clearest and most satisfactory evidence.

For the reasons we have given we think the Circuit Court was clearly right in its rulings on the prayers and the judgment appealed against will be affirmed.

*Judgment affirmed with costs above and below.*

(Decided January 17th, 1902.)